Parker, C. J.,
delivered the opinion of the Court.
The motion in arrest of judgment cannot obtain. The declaration, although defective in form, is substantially good after verdict. A sufficient consideration for the promise is shown, and the promise is distinctly averred. The declaration is defective in not alleging notice to the defendant, that the plaintiff had performed the condition which was the consideration of the promise. But this notice must be presumed to have been proved, as it was involved in the issue, and necessary to have been proved or admitted. The defect is therefore cured by the verdict.
* Neither is this a promise, which must be proved [ * 236 J by writing according to the statute of frauds. It is not a promise to pay the debt of another; it is a promise to pay to another the debt of the plaintiff, and is, in principle, like the case of a debtor giving money to another, to pay his debt, and he neglecting to do it.
But we find there is a fatal variance between the contract proved, and that which is set forth in the declaration. The declaration states that, in consideration the plaintiff would deliver the note of the corporation to a third person, there to remain until the defendant should pay the plaintiff’s note to Janes, the defendant promised the plaintiff to save him harmless from the costs, &c. The evidence is, that the plaintiff agreed to deliver the note to a third person, and let it remain until he should return from New York; and that, in consideration, &c., the defendant promised. This is material; for, by the contract set forth, the plaintiff had no right to take the note; and by "so doing he rescinded the contract, and deprived himself of any right to damages; because the defendant did not engage to pay and take up the note, but only to indemnify the plaintiff against costs and expenses. But according to the *190 contract, as proved, the note was to be left only until the plaintiff should return from New YorJc; and the plaintiff’s conduct in taking up the note upon his return, shows that this was the real bargain; which is entirely different from the contract stated in the declaration.
There must meretore be a new trial; and the plaintiff may have leave to amend his declaration, so as to suit it to the fact, upon paying the defendant his costs of this and the last term.
We aie all of opinion, that the expenses of the plaintiff’s journey from Riga cannot be recovered in damages. Further than this, we do not ultimitely decide, at present, upon the question of damages